IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| R.E. Goodson Construction Company, Inc. | ) | Civil Action No. 4:02-4184-RBH |
| and R.E. Goodson, L.L.C., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| International Paper Company, International Paper | ) | |
| Realty Corp., and the United States of America | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiffs' motion for judicial notice of facts and the IP Defendants motion for judicial notice. The motions were filed on August 2, 2006 and August 3, 2006, respectively. Defendant United States filed a response in opposition to both motions on August 7, 2006. Having reviewed the pleadings related to these motions, the court finds oral argument would not aid in its decision-making process and therefore, this matter is ripe for consideration.[1]

### Discussion

As mentioned above, there are two motions before the court which request that the court take judicial notice. Rule 201 of the Federal Rules of Evidence governs judicial notice. Specifically, Rule 201(a)-(b) states:

(a) **Scope of Rule**. This rule governs only judicial notice of adjudicative facts.

(b) **Kinds of Facts**. A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

---

[1] The court notes that Local Rule 7.08 (D.S.C.) provides that "[h]earings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing."

Fed.R.Evid. 201(a)-(b).  Pursuant to Rule 201, adjudicative facts *not subject to reasonable dispute* may be judicially noticed at any point in the proceedings.  "An adjudicative fact is a fact 'concerning the immediate parties-who did what, where, when, how, and with what motive or intent.'"  U.S. v. LaRouche, 4 F.3d 987, *4 (4th Cir. 1993) (quoting Fed.R.Evid. 201 advisory committee's note).  "Adjudicative facts must, by definition, be relevant."  Id. (citing 21 Charles A. Wright & Kenneth W. Graham, Jr., Federal Practice and Procedure § 5104 at 483-84 (1977)).

## A.  Plaintiffs' Motion for Judicial Notice

In the plaintiffs' motion for judicial notice, the plaintiffs request that this court take judicial notice of nineteen (19) facts.  The plaintiffs state that "*most*" of these facts are consistent with the court's previous findings and none are inconsistent with such.  The plaintiffs also state that a "*few*" are based upon the "recently provided Administrative Record material."  The plaintiffs also contend that judicial notice of the facts will expedite the trial in this matter.

After having carefully reviewed the motion and memoranda in this matter, this court concurs with the United States' position that the reasons given by the plaintiffs for judicial notice of their proposed facts are irrelevant as to whether the proposed facts are indisputable adjudicative facts of which this court should exercise its discretion to take judicial notice.  In the opinion of this court, the plaintiffs have not satisfied the requirements of Rule 201(b) and the facts which the plaintiffs want this court to judicially notice are not indisputable adjudicative facts within the meaning of the rule.  Furthermore, simply because a document is part of an administrative record does not make the facts contained therein judicially noticeable.  The court notes that there is a significant difference in judicial notice of a fact and the evidentiary admission of a document.  While many of the documents the plaintiffs rely on, or the facts contained therein, may be admissible pursuant to Fed.R.Evid. 801(d)(2)

2

as an admission by a party-opponent or Fed.R.Evid. 803(8), the public records exception to hearsay, such does not equate to the court taking judicial notice of an indisputable adjudicative fact.

**B.  IP Defendants' Motion for Judicial Notice**

The IP Defendants do not request that this court take judicial notice of any adjudicative facts. Rather, they request that the court take judicial notice of an attached list of twelve (12) historical documents.[2]  The IP Defendants state that they believe these historical documents describe events as they did occur, are consistent with the court's previous findings, and will expedite the trial in this matter.

After carefully reviewing the motion and memoranda in this matter, the court also concurs with the United States' position that the IP Defendants have not established that its documents, or any of the statements contained therein, satisfy the requirements of Rule 201(b).  Notably, the IP Defendants have not shown that the facts contained in its documents are indisputable adjudicative facts.  However, the court will note that the United States concedes to the authenticity and admissibility of the documents in its response.  Therefore, this concession should alleviate some of the IP Defendants' concerns with regard to expediting the trial of this matter.

## Conclusion

For the reasons stated above, the plaintiffs' motion for judicial notice [Entry # 136] and the IP Defendants' motion for judicial notice [Entry # 143][3] are hereby **DENIED.**  However, the parties are reminded that this matter will be tried non-jury and as such, the court is confident that the parties will

---

[2] The court assumes that the IP Defendants are also requesting that this court take judicial notice of all of the statements or facts contained in the twelve (12) documents.

[3] Formerly Entry # 137.

3

attempt to stipulate to many facts and resolve as many evidentiary issues as possible among themselves.

To that end, this court will hear any unresolved pending motions on August 15, 2006 at 2:00 p.m.

**IT IS SO ORDERED**.

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Court Judge

August 8, 2006
Florence, South Carolina

4